HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
1710 N. Moorpark Rd. Ste 191
Thousand Oaks, CA 91360
Telephone: 805.498.5500
Facsimile: 866.565.6345

Attorneys for Creditor Trojan Capital Investments LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MARY JANE COSME,<br><br>　　　　Debtor(s). | Case No.: 2:16-bk-18631-SK<br><br>Chapter 13 Case<br><br>**OPPOSITION TO MOTION TO AVOID LIEN**<br><br>**[Related: Docket Entry No. 14]**<br><br><u>Confirmation Hearing:</u><br>Date:　September 1, 2016<br>Time:　10:00AM<br><br><u>Location:</u><br>Courtroom 1575<br>255 E. Temple St.<br>Los Angeles, California |

**COMES NOW** TROJAN CAPITAL INVESTMENT LLC, a secured creditor in this action (hereinafter "Creditor"), by and through undersigned counsel, and objects to Debtors' Motion to Avoid Lien (the "Motion"), and as grounds shows as follows.

1

## I.    SUMMARY

TROJAN CAPITAL INVESTMENTS LLC (the "Respondent" herein), and files this opposition to the Debtor's Motion to Avoid Lien [Docket Entry No. 14] (the "Motion") filed in this case, based on the grounds set forth below, as regards real property whose postal address is 709 N. Angeleno Ave., Asuza, CA 91702 (the "Subject Property").

In short, Debtor alleges that the subject property is worth not more than $373,000.00 and that the amount owed on the senior lien is approximately $382,000.00. Respondent contests valuation and requests time to conduct a proper appraisal to verify its initial assessment, which is that the property is worth $390,000.00. Before stripping Respondent's lien, Respondent should be afforded an opportunity to obtain its own appraisal before the Court grants the Motion based upon Debtor's appraisal.

Respondent agrees with Debtor that a determination of value is necessary so that the parties can determine their respective rights. Respondent believes that it is not wholly unsecured and is entitled to full rights as a lienholder on the Subject Property.

## II.    ARGUMENT

### A.    *Respondent's Lien is Not Wholly Unsecured*

Respondent agrees with Debtor that this Motion concerns the Subject Property, that the Debtors reside in the Subject Property, and that the Respondent holds a junior lien on the property.

Respondent's initial assessment of the property is that the value of the property is worth more than the balance owed the senior lienholder. Respondent contests value and seeks leave of court (a continuance) to obtain an appraisal.

Debtor alleges that the subject property is worth not more than $373,000.00 and that the amount owed on the senior lien is approximately $382,000.00. Respondent contests valuation and requests time to conduct a proper appraisal to verify its initial assessment, which is that the property is worth $390,000.00.

///

*B. The Respondent is Entitled to Certain Protections*

Respondent requests that any order granting this Motion contain terms that dictate that the avoidance of Respondent's lien is contingent upon the completion of Debtor's Chapter 13 Plan and receipt of a Chapter 13 discharge by the Debtor.

Respondent also requests that any order granting this Motion provide that the Respondent maintains its lien for the full amount in the event of dismissal of this case or conversion to another chapter under the Code.

Finally, Respondent requests that any order granting this Motion provide that the Respondent's lien would attach to the surplus proceeds of any foreclosure sale for the full amount of the subject loan balance at the time of such a sale, should the holder of the senior deed of trust foreclose on the Respondent's security interest and extinguish the Respondent's junior lien by operation of non-bankruptcy law.

### III.  POINTS AND AUTHORITIES

When a junior mortgage lien is wholly unsecured, most often because the value of the senior lien(s) exceed the value of the collateral, the Court is empowered to void that lien. A lien that is not an allowed secured claim is generally void unless certain exceptions are met. 11 USC 506(d). *See also,* Lam v. Investors Thrift (In re Lam), 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997). "The Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the Court may direct." Fed. R. Bankr. P. 3012.

Respondent submits that its lien is NOT wholly unsecured and is against the Debtors' primary residence and thus should not be avoided.

### IV.  CONCLUSION

WHEREFORE, Respondent requests that this Court deny the motion.

Dated: 8-17-2016                                     Respectfully Submitted:

TROJAN CAPITAL INVESTMENTS LLC

__/s/ Henry D. Paloci III_____
Attorney for Creditor
TROJAN CAPITAL INVESTMENTS LLC

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1710 N. Moorpark Rd. Ste 191, Thousand Oaks, CA 91360

A true and correct copy of the foregoing document described as: OPPOSITION TO MOTION TO VALUE COLLATERAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/2/2015  8/17/2016     , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:
US Trustee, ustpregion16.la.ecf@usdoj.gov
Kathy Dockery, Trustee
Leon Bayer, bkcyattys@aol.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (state method for each person or entity served):
On xx/xx/xxxx 8/17/2016     , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on xx/xx/xxxx 8/17/16     , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Hon. Sandra Klein, 255 E. Temple St., Los Angeles, CA 90012 (by hand delivery or regular mail)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 8/17/2016                    Signature: /s/ Henry D. Paloci III
                                   Henry D. Paloci III